(60 Misc. Rep. 620.)

### HEPPENSTALL et al. v. BAUDOUINE.

(Supreme Court, Special Term, New York County.   October, 1908.)

TRUSTS (§ 257*)—EXPRESS TRUST—AUTHORITY OF TRUSTEES—ACTIONS—"TRUS-
TEES OF AN EXPRESS TRUST."

The creditors, trustees, and the debtor entered into an agreement by
which the debtor was to make stated payments to the trustees and to
turn over certain life insurance policies, and the creditors agreed to for-
bear prosecution of their claims. *Held*, that the trustees are "trustees of
an express trust," within Code Civ. Proc., § 449, and required to distribute
the funds as provided for in the agreement, and, on default of the debtor
to make the payments, could maintain an action against him.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 364; Dec. Dig. §
257.*

For other definitions, see Words and Phrases, vol. 8, pp. 7134–7136,
7822.]

Action by Albert Heppenstall and others against John F. Baudouine.
Demurrer to complaint sustained.

Order affirmed 113 N. Y. Supp. 851.

Sanborn & Sanborn, for plaintiffs.
Shearman & Sterling, for defendant.

GREENBAUM, J.   Are the plaintiffs trustees of an express trust,
within the meaning of section 449 of the Code of Civil Procedure?
The correct answer to this query determines whether or not they may
maintain this action.   The agreement under which the plaintiffs claim
the right, as trustees, to sue defendant, was executed by the defend-
ant, certain named creditors of the defendant, to whom he was in-
debted in various amounts, and three named trustees, two of whom
are the plaintiffs.   Upon the resignation of one of the original trus-
tees a successor was appointed by the creditors, pursuant to the terms
of the agreement, and he is also one of the plaintiffs.   The agreement
was one by which the creditors agreed to forbear prosecuting their
claims against the defendant, in consideration of which he agreed to
pay over to the trustees at stated periods certain sums of money for the
benefit of the creditors, and also to deliver to the trustees certain life
insurance policies on his life as security for the payment of said debts.
The trustees were required to make payments over to the several cred-
itors named in the agreement, with a priority of payment in favor of
certain named creditors and a pro rata distribution thereafter among
the remaining creditors.   The defendant having failed to make all the
payments as agreed, the plaintiffs, as trustees, bring this action against
him to recover the balance due under the agreement to the several
creditors therein named, and the right to bring this action is challenged
on demurrer by the defendant.

The plaintiffs, of course, are not trustees of any express trust as
now recognized by our statutes, unless they may be so regarded under
the exceptional provisions of section 449 of the Code.   That sec-
tion provides that:

"Every action must be prosecuted in the name of the real party in interest,
except that an executor or administrator, a trustee of an express trust, or a

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Index*
113 N.Y.S.—54

person expressly authorized by statute, may sue, without joining with him the person for whose benefit the action is prosecuted. A person with whom, or in whose name, a contract is made for the benefit of another is a trustee of an express trust within the meaning of this section."

This section has received an interesting judicial consideration in Considerant v. Brisbane, 22 N. Y. 389, and, as I understand the main contention of the demurrant, it is that although the majority. of the court there held that where a contract is directly made with one, as agent for another, for the payment to the agent of certain sums of money for the benefit of his principal, an action against the promisor may be maintained in the name of the agent, yet where the contract to pay to an agent is directly made between the principal and the promisor the agent may not in such a case sue in his own name. It is true, in discussing the question before it, the prevailing opinion states that in the latter case an action by the agent would not lie, yet, in my judgment, the facts in this case do not come within the principle stated by the court. What was there said was:

"They (referring to the contracts under consideration) were not contracts, therefore, directly with the principals, with a promise to pay the plaintiff for their benefit. On such a case no action could be maintained by the promisee, though the promise might support an action by the company."

In the case at bar the contract was directly made, not only with the principals, but also with the trustees. The mere fact that the principal signed the document does not the less make it a contract direct with the trustees. The intervention of the trustees was a necessary element to the carrying out of the agreement. Not only were the payments to be made to them and the moneys to be distributed by them in the manner provided, but they were also to receive certain securities, to wit, policies of insurance, to which no individual creditor was entitled to the possession.

It may be urged that the plaintiffs are not suing under the policies; but, nevertheless, that circumstance. is an important factor in determining the position of the trustees under the agreement. Whenever a payment was made to the trustees, no given creditor, after the payment to the preferred creditor, was entitled to the full amount received by the trustees. It was then the duty of the trustees to distribute the moneys received pro rata. The facts in this case are, therefore, different from those that might arise where a third party is to receive money for the benefit of another, and where the right of action under the agreement would directly inure in favor of him for whose benefit and use the money was to be paid by the promisor. Nor does the clause in the agreement which gives the right to the several creditors to maintain actions upon their claims against the defendant, and upon his default in payments to enter judgment against him, militate against the view that I hold, for the reason that such a remedy is not inconsistent with the right of the trustees to sue, but merely an additional one accorded to such of the creditors as wish to avail themselves of it.

It seems to me that the plaintiffs were persons with whom the defendant contracted for the benefit of others, and within the mean-

ing of section 449, supra, they were trustees of an express trust, entitled in their own names to maintain this action. The demurrer is overruled, with costs, and with leave to defendant to answer upon payment of costs.

Demurrer overruled, with costs, with leave to defendant to answer upon payment of costs.